**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DONITA PRIVETT d/b/a
Times Remembered Photography,

    Plaintiff,

v.                                                           No. 2:22-CV-00653-MIS-SMV

HARTFORD CASUALTY INSURANCE
COMPANY and BETTY PROCTOR,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Extend Time to Respond to Defendant Betty Proctor's Rule 12(b)(6) Motion to Dismiss (Plaintiff's "Motion") filed by the Plaintiff, Donita Privett ("Plaintiff"). ECF No. 17. Defendant Betty Proctor ("Defendant Proctor") filed a Response. ECF No. 25. Plaintiff did not file a reply. Having considered the parties' arguments, the record, and the relevant law, the Court will grant the Motion in part and allow Plaintiff until Wednesday, December 14, 2022 to file her response

## **BACKGROUND**

In the Motion, Plaintiff claims to have missed the deadline to respond to Defendant Proctor's Motion to Dismiss (the "Motion to Dismiss") by one week, due to a calendaring error. ECF No. 17 at 2.[1] Plaintiff states that she filed the Motion, seeking an extension of time, "as soon as she became aware of the need for additional time, which was after the

---

[1] The Motion to Dismiss was filed on September 28, 2022. ECF No. 9. Therefore, Plaintiff's response was due on October 12, 2022. *See* D.N.M. LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). The present Motion was filed on October 17, 2022. ECF No. 17.

deadline had passed." *Id.* Plaintiff claims that the delay in responding was not unreasonable and that "[Defendant Proctor] will not be prejudiced by an extension of time."[2] *Id.* at 3. Plaintiff also claims that the "potential impact of the delay on the judicial proceedings is not significant." *Id.*

In her Response, Defendant Proctor claims that she was unable to stipulate to an extension of time due to procedural limitations, including the requirements of District of New Mexico Local Rule of Civil Procedure 7.4(a)[3] and Federal Rule of Civil Procedure 6(b)(1). ECF No. 25 at 2. She also claims that the merits of the case favor denying an extension of time because the claims against her are futile. *Id.* Finally, Defendant Proctor states that she "defers to this Court's discretion whether Plaintiff's failure to act timely was 'because of excusable neglect.'" *Id.* at 3.

## DISCUSSION

### I. Standard for Granting Extensions of Time Out of Time

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974). "[I]t is well

---

[2] Based on context, the Court determines that Plaintiff likely intended to state that "Defendant Proctor" will not be prejudiced by the filing of Plaintiff's motion, rather than Plaintiff herself.

[3] D.N.M. LR-Civ. 7.4(a) states, in relevant part, "For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period."

2

established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b) . . . ." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238. (10th Cir. 2005).

## II. Analysis

Having reviewed the Plaintiff's arguments, and noting the fact that Defendant Proctor does not take a position as to whether the calendaring error here constitutes excusable neglect, the Court finds that sufficient basis exists for Plaintiff to establish excusable neglect, under the present circumstances.[4] Although courts often decline to find good cause for a delay due to a simple calendaring error,[5] the requested extension of time will not prejudice any party, and it will not unduly impact the just, speedy, or inexpensive resolution of this case. Additionally, the Court prefers to have all briefs available when considering a dispositive motion. Based on the above, the Court will grant the Motion and allow Plaintiff to file her response out of time.

The Court notes that, as of the filing of this Order, Plaintiff has not yet responded to the Motion to Dismiss.[6] Plaintiff has stated or implied somewhat conflicting reasons for the failure to respond to the Motion to Dismiss, but (as already stated) it appears that Plaintiff's main argument is that a calendaring error occurred. *See* ECF No. 17 at 2–3. Despite this, in the Motion, ECF No. 17 at 3, Plaintiff requests that the Court allow Plaintiff

---

[4] Regarding Defendant Proctor's other arguments (i.e., (1) that the Rules of Civil Procedure did not permit her to agree to the relief Plaintiff requested and (2) that the merits of the case favor dismissal), the Court determines that these issues are moot, in light of the Court's finding of excusable neglect. Further, regarding the second issue, the parties have had the opportunity to address any dispositive issues in their briefing on the dispositive motions.

[5] *See, e.g., Candelaria v. Molina Healthcare, Inc.*, No. 18-cv-725, 2019 WL 4643946, at *6 (D.N.M. Sept. 24, 2019) (collecting cases).

[6] Although Plaintiff states that her "response was filed immediately upon discovery of the error," ECF No. 17 at 3, the Court is unable to locate a response to the Motion to Dismiss on the docket.

3

leave to postpone filing her response to the Motion to Dismiss until "after the Court rules on Plaintiff's motion to remand," *see* ECF No. 15 (Amended Motion to Remand), but Plaintiff provides no legal or factual basis for waiting to file her response until after the Court rules on the motion to remand. Therefore, the Court determines that Plaintiff has failed to develop her argument, and the Court denies Plaintiff's request for an indefinite or contingent extension of time on that basis.

Plaintiff shall have two weeks from the date of this Order to file her response to the Motion to Dismiss, and no further extensions of time shall be granted, unless good cause is shown.

The parties are hereby notified that any future motions for extension of time shall reference a specific date, and the document subject to the request for extension of time shall be filed by that date, unless good cause is shown. Failure to follow the procedure set forth above may result in the summary denial of any future motion for extension of time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Extend Time to Respond to Defendant Betty Proctor's Rule 12(b)(6) Motion to Dismiss, ECF No. 17, is hereby **GRANTED IN PART** and **DENIED IN PART,** as follows:

1. Plaintiff shall have an extension of time out of time until **Wednesday, December 14, 2022** to file her response to the Motion to Dismiss, ECF No. 9. No further extensions of time will be granted, unless good cause is shown. In all other respects, including Plaintiff's request for an indefinite or contingent extension of time, the Motion is denied.

2. For all future filings in this case, any party seeking an extension of time to file a document with the Court shall identify a specific date for which an extension is requested, and the party shall file the document by the date requested in the motion for extension of time, unless good cause is shown. The parties are **HEREBY NOTIFIED** that failure to follow the procedure set forth in this paragraph may result in the summary denial of any future motion for extension of time in this case.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE